# EXHIBIT A

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND<br>RETURN OF SERVICE | CASE NO.<br>15-007596-CK |
|---|---|---|

2 Woodward Ave., Detroit MI 48226     Court Telephone No. 313-224-0250

**THIS CASE IS ASSIGNED TO JUDGE**     David J. Allen     Bar Number: 48982

| Plaintiff | | Defendant |
|---|---|---|
| Hicks, Shea | v | Allstate Property & Casualty Insurance Company |
| **Plaintiff's Attorney** | | **Defendant's Attorney** |

**CASE FILING FEE**     **JURY FEE**

[X] Case Filing Fee - $150.00     [ ] Jury Fee - $85.00

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 6/10/2015 | 9/9/2015 | File & Serve Tyler |

*This summons is invalid unless served on or before its expiration date.     CATHY M. GARRETT - WAYNE COUNTY CLERK

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

X  There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

__  A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

__  There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

__  An action within the jurisdiction of the family division of circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket No. | Judge | Bar No. |
|---|---|---|
| | | |

The action     [ ] remains     [ ] is no longer     pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

6/11/2015     [signature]
Date     Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE
MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | RETURN OF SERVICE | CASE NO.<br>15-007596-CK |
|---|---|---|

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization not required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
   List all documents served with the Summons and Complaint

on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of me information, knowledge and belief.

| Service fee<br>$ | Miles traveled<br>$ | Mileage fee<br>$ | Total fee<br>$ |
|---|---|---|---|

Signature _____

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                          Date

My commission expires: _____  Signature: _____
                          Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                          Attachments

_____ on _____
                    Day, date, time

_____ on behalf of _____
Signature

MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE
           MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

STATE OF MICHIGAN

IN THE WAYNE COUNTY CIRCUIT COURT

SHEA HICKS,

    Plaintiff,

v

ALLSTATE PROPERTY AND
CASUALTY INSURANCE COMPANY,

    Defendant.
_____/

JO ROBIN DAVIS (P31263)
JO ROBIN DAVIS, PLLC
30300 Northwestern Highway, Ste. 104
Farmington Hills, MI 48334
(248) 932-0100 ext. 254

_____/

Case No. 15-            CK
Hon.

15-007596-CK
FILED IN MY OFFICE
WAYNE COUNTY CLERK
6/10/2015 2:46:39 PM
CATHY M. GARRETT

There is no other action arising out of the same transaction or occurrence as alleged in this Complaint, pending in this Court, nor has any such action been previously filed and dismissed after having been assigned to a Judge.

/s/ Jo Robin Davis
Jo Robin Davis, Attorney for Plaintiff

## COMPLAINT

NOW COMES Plaintiff SHEA HICKS, by and through her attorney, Jo Robin Davis, PLLC, and complaining against the above-named Defendant, states as follows:

### COMMON ALLEGATIONS

1. At all times relevant hereto Plaintiff was a resident of the City of Detroit, County of Wayne, State of Michigan.

2. Defendant Allstate Property and Casualty Insurance Company is a foreign insurance corporation duly organized and incorporated under the laws of the State of Illinois, with its principle place of business in Northbrook, Illinois, but licensed to do business in the County of Wayne and State of Michigan.

3. The amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00).

4. Defendant issued to Plaintiff policy #000906616248, a copy of which is in the Defendant's possession, covering property and additional living expenses located at 1495 17th Street, Detroit, Michigan, from loss due to fire.

5. Said insurance policy covered the aforementioned property at all times relevant herein.

6. All premiums were paid and current and the above-mentioned policy was in full force and effect at all times relevant herein, including October 26, 2014.

7. On or about October 26, 2014, a fire occurred at the premises located at 1495 17th Street, Detroit, Michigan.

8. As a result of the aforesaid occurrence, the building and contents owned by Plaintiff located at 1495 17th Street, Detroit, Michigan, were severely damaged.

9. Plaintiff timely notified Defendant that she had suffered the losses above set forth.

10. Plaintiff delivered to Defendant, pursuant to the terms of the policy, proof of the amount of her loss.

11. MCLA §500.2833 provides that an insurance company must make payment or otherwise accept or deny liability on a claim within thirty (30) days of receipt of proof of the amount of loss.

12. Defendant has failed to make payment to Plaintiff.

## COUNT I
## BREACH OF CONTRACT

13. Plaintiff hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 12 of Plaintiff's Common Allegations as though fully set forth herein.

14. Defendant Allstate Property and Casualty Insurance Company owed Plaintiff the duty to act fairly and reasonably in investigating and paying Plaintiff claims, to act in good faith, and to timely pay Plaintiff's claims.

15. Defendant Allstate Property and Casualty Insurance Company, through its agents, representatives, employees and investigators, failed to act fairly and reasonably in investigating and paying Plaintiff's claims, failed to act in good faith, and failed to timely pay Plaintiff's claims. Defendant's wrongful and dilatory conduct includes:

   a. Failing to make payment of Plaintiff's claims within thirty (30) days of receipt of proof of the amount of loss as required by MCLA §500.2833;

   b. Failing to make full or partial payment of Plaintiff's claims when they were not reasonably in dispute;

   c. Pursuing false defenses to Plaintiff's claims in an attempt to avoid, delay, or compromise Plaintiff's claims when Defendant did not have sufficient evidence to support the defenses;

   d. Conducting an investigation for the purposes of creating potential defenses to paying Plaintiff's claims rather than to fairly and honestly determine its liability to Plaintiff;

   e. Asserting defenses to Plaintiff's claims when it knew, or reasonably should have known, that said defenses were false.

   f. Abusing its contractual relationship which put Defendant in a position of actual or apparent authority over the Plaintiff and gave Defendant the power to affect Plaintiff's interest in the insurance proceeds and Plaintiff's damaged property;

16. Said actions on the part of the Defendant constitute a breach of Plaintiff's insurance contract with Defendant.

17.     As a direct and proximate result of Defendant's conduct and said breach of contract, Defendant remains indebted to Plaintiff for her insured losses and Plaintiff is entitled to recover consequential damages she has sustained that were in the contemplation of the parties from the time the contract was made or which the natural and usual consequences of a breach of a property insurance contract.

WHEREFORE, Plaintiff Shea Hicks, prays for Judgment against Defendant Allstate Property and Casualty Insurance Company for whatever amount this Honorable Court deems fair and just, including consequential damages, as well as interest, costs and actual attorney fees.

## COUNT II
## VIOLATION OF MICHIGAN COMPILED LAWS CHAPTER 20

18.     Plaintiff hereby realleges and incorporates herein by reference paragraphs 1 through 17 of Plaintiff's Complaint as though fully set forth herein.

19.     MCLA §500.2833 provides that losses shall be paid under the terms of a fire insurance policy within thirty (30) days after receipt of proof of amount of loss.

20.     Defendant received proof of the amount of loss.

21.     Section 2006 of the Insurance Code of 1956, as amended, same being MCLA §500.2006, provides for the addition of twelve (12%) percent interest on claims when claims are not timely paid.

22.     Defendant has been dilatory in making payment.

23.     As a result of the aforesaid failure of Defendant to timely pay Plaintiff's claims, Plaintiff is entitled to twelve (12%) percent interest.

WHEREFORE, Plaintiff Shea Hicks prays for Judgment against Defendant Allstate Property and Casualty Insurance Company, granting Plaintiff an additional twelve (12%) percent penalty interest against Defendant, as well as statutory interest, costs and attorney fees.

Dated:   June 10, 2015                                     Respectfully submitted,


                                                           By:  /s/ Jo Robin Davis
                                                           Jo Robin Davis, (P31263)
                                                           Attorney for Plaintiff
                                                           30300 Northwestern Highway, Suite 104
                                                           Farmington Hills, MI  48334
                                                           (248) 932-0100

# EXHIBIT B

PREPARED 4/24/2015

| | | |
|---|---|---|
| POLICY NO. **See Policy** | **SWORN STATEMENT IN PROOF OF LOSS** | 345835771 |
| AMOUNT OF POLICY AT TIME OF LOSS **See Policy** | | COMPANY CLAIM NO. **See Policy** |
| DATE ISSUED **See Policy** | | AGENT **See Policy** |
| DATE EXPIRES **See Policy** | | AGENCY AT |

TO THE **Allstate Insurance Company**

OF **America**

AT THE TIME OF LOSS, BY THE ABOVE INDICATED POLICY OF INSURANCE, YOU INSURED– **Shea Hicks of 1495 17th Detroit, MI 48216**

AGAINST LOSS BY **Fire** TO THE PROPERTY DESCRIBED ACCORDING TO THE TERMS AND CONDITIONS OF SAID POLICY AND OF ALL FORMS, ENDORSEMENTS, TRANSFERS AND ASSIGNMENTS ATTACHED THERETO.

**TIME AND ORIGIN** — **Fire** LOSS OCCURRED ABOUT THE HOUR OF _____ **N/A** ON THE **26th DAY OF OCTOBER 2014**, THE CAUSE AND ORIGIN OF THE SAID LOSS WERE: **Unknown to the insured**

**OCCUPANCY** — THE BUILDING DESCRIBED, OR CONTAINING THE PROPERTY DESCRIBED, WAS OCCUPIED AT THE TIME OF THE LOSS AS FOLLOWS, AND FOR NO OTHER PURPOSE WHATEVER: **Single Family Dwelling**

**TITLE AND INTEREST** — AT THE TIME OF THE LOSS, THE INTEREST OF YOUR INSURED IN THE PROPERTY DESCRIBED THEREIN WAS: **Owner** NO OTHER PERSON OR PERSONS HAD ANY INTEREST THEREIN OR INCUMBRANCE THEREON, EXCEPT: **See Policy**

**CHANGES** — SINCE THE POLICY WAS ISSUED, THERE HAS BEEN NO ASSIGNMENT THEREOF, OR CHANGE OF INTEREST, USE, OCCUPANCY, POSSESSION, LOCATION OR EXPOSURE OF THE PROPERTY DESCRIBED, EXCEPT: **N/A**

**TOTAL INSURANCE** — THE TOTAL AMOUNT OF INSURANCE UPON THE PROPERTY DESCRIBED BY THIS POLICY WAS, AT THE TIME OF THE LOSS, IS **See Policy** AS MORE PARTICULARLY SPECIFIED IN THE APPORTIONMENT ATTACHED, BESIDES WHICH THERE WAS NO POLICY OR OTHER CONTRACT OF INSURANCE, WRITTEN OR ORAL, VALID OR INVALID.

**VALUE** — THE ACTUAL CASH VALUE OF THE PROPERTY AT THE TIME OF LOSS WAS... **$ 228,498.29**

**LOSS** — THE WHOLE LOSS AND DAMAGE WAS.................................................. **$ 291,523.47**

**DEDUCTIBLE** — THE APPLICABLE DEDUCTIBLE IS.................................................... **absorbed**

**CLAIM** — THE AMOUNT CLAIMED UNDER THE ABOVE NUMBERED POLICY IS .............................. **$291,523.47**

**STATEMENTS OF INSURED** — THE SAID LOSS DID NOT ORIGINATE BY ANY ACT, DESIGN, OR PROCUREMENT ON THE PART OF YOUR INSURED, OR THIS AFFIANT; NOTHING HAS BEEN DONE BY OR WITH THE PRIVITY OR CONSENT OF YOUR INSURED OR THIS AFFIANT, TO VIOLATE THE CONDITIONS OF THE POLICY, OR RENDER IT VOID; NO ARTICLES ARE MENTIONED HEREIN OR IN ANNEXED SCHEDULES BUT SUCH AS WERE DESTROYED OR DAMAGED AT THE TIME OF LOSS; NO PROPERTY SAVED HAS IN ANY MANNER BEEN CONCEALED, AND NO ATTEMPT TO DECEIVE THE SAID COMPANY, AS TO THE EXTENT OF SAID LOSS, HAS IN ANY MANNER BEEN MADE. ANY OTHER INFORMATION THAT MAY BE REQUIRED WILL BE FURNISHED AND CONSIDERED A PART OF THIS PROOF

THE FURNISHING OF THIS BLANK OR THE PREPARATION OF PROOFS BY A REPRESENTATIVE OF THE ABOVE INSURANCE COMPANY IS NOT A WAIVER OF ANY OF ITS RIGHTS.

STATE OF **Michigan**
COUNTY OF **Oakland**

By: *Shea Hicks*

Its: _____ INSURED

SUBSCRIBED AND SWORN TO BEFORE ME THIS **24th** DAY OF **April**, 20**15**

X *Traci Lynn Bidoul*
NOTARY PUBLIC

Page 1 of 2

**TRACI LYNN BIDOUL**
Notary Public - Michigan
Oakland County
My Comm. Expires 10/22/2019



## SCHEDULE "A" - POLICY FORM

| | | | | | |
|---|---|---|---|---|---|
| Policy Form No. | **See Policy** | | Dated | **See Policy** | |
| Item 1. | **See Policy** | on | **Dwelling** | | |
| Item 2. | **See Policy** | on | **Other Structure** | | |
| Item 3. | **See Policy** | on | **Personal Property** | | |
| Item 4. | **See Policy** | on | **Loss of Use** | | |
| Item 5. | | on | | | |
| Coinsurance, Average, Distribution, or Deductible Clauses, if any | | | | **See Policy** | |
| Loss, if any, payable to | | Shea Hicks and Michigan Fire Claims, Inc., | | | |

## SCHEDULE "B"
### STATEMENT OF ACTUAL CASH VALUE AND LOSS AND DAMAGE

| Amt Claimed | DESCRIPTION OF ITEM OF COVERAGE | ACTUAL CASH VALUE | LOSS AND DAMAGE |
|---|---|---|---|
| $ 89,521.48 | RCV PPI ** 89,521.48 Recov Dep $22,380.37 ACV $67,141.11 | $ 67,141.11 | $ 89,521.48 |
| $ 162,579.36 | BLDG RCV $162,579.36 Recov Dep $40,644.84 ACV $121,934.52 | $ 121,934.52 | $ 162,579.36 |
| $ 15,000.00 | ALE TO DATE $3000.00/month (Open and ongoing pending repairs) | $ 15,000.00 | $ 15,000.00 |
| $ 4,677.95 | ARS Invoice | $ 4,677.95 | $ 4,677.95 |
| $ 11,593.91 | FRSTeam Invoice | $ 11,593.91 | $ 11,593.91 |
| $ 8,150.77 | Servpro Invoice | $ 8,150.77 | $ 8,150.77 |
| | (**PPI may or may not include items removed and bagged by vendors) | | |
| 291,523.47 | | $ 228,498.26 | $ 291,523.47 |

deductible

## SCHEDULE "C" - APPORTIONMENT

| POLICY NO. | EXPIRES | NAME OF COMPANY | ITEM NO. | | ITEM NO. | |
|---|---|---|---|---|---|---|
| | | | INSURES | PAYS | INSURES | PAYS |
| | | | | | | |
| Totals: | | | | | | |

_____ Adjuster

BY SUBMITTING THIS PROOF OF LOSS, THE INSURED IS NOT ESTOPPED FROM ASSERTING ANY OF THEIR RIGHTS OR DEFENSES UNDER THE INSURANCE POLICY OR OTHERWISE AND THEY EXPRESSLY RESERVE THE RIGHT TO MAKE FURTHER CLAIM(S) ON ANY ITEM(S) WHICH THE INSURED DEEMS TO BE A RELATED LOSS OCCASIONED BY THE OCCURRENCE OF THE LOSS AND/OR TO AMEND THIS PROOF OF LOSS IF ADDITIONAL INFORMATION IS OBTAINED.

### RECEIPT FOR PAYMENT

Received of _____ (insurer) of _____

Dollars ($ _____ )

In full satisfaction and indemnity for all claims and demands upon said company on account of said loss and damage and the said policy is hereby _____ (State whether Reduced, Reduced and Reinstated or Canceled by payment.)

Dated _____

_____ The Insured

Dated _____

_____ The Mortgagee